IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PATRICK ROBERTS,<br><br>    Plaintiff,<br><br> vs.<br><br>KEN CLARK, Warden,<br><br>    Defendant. | 2:08-cv-00161 (JKS)<br><br><br>MEMORANDUM DECISION |

   Petitioner James Patrick Roberts, a state prisoner appearing *pro se*, has filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Roberts is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. Respondent has filed his answer. Roberts has not replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

In September 2005 the District Attorney filed a Complaint charging Roberts with two counts of second degree robbery (Cal. Penal Code Sec. 211), one count of promoting the criminal conduct of a street gang (Cal. Penal Code Sec. 186.22(a)), one count of dissuading a witness (Cal. Penal Code Sec. 136.1(c)(1)) and one count of receiving stolen property (Cal. Penal Code Sec. 496(a)).[1]

Pursuant to a plea agreement, Roberts waived his right to a preliminary hearing and pled no contest to one count of second degree robbery (Cal. Penal Code Sec. 211).[2]  Through counsel, Roberts stipulated that "while [he] was engaged in this conduct, he was a member of a street gang and did this [robbery] for the benefit of the street gang."[3]  Roberts also entered a special waiver, known in California as a "*Harvey*[4] Waiver," which would allow the trial court to consider his gang involvement for the purposes of sentencing.[5]  The prosecution dismissed the remaining counts in exchange for Roberts' plea.[6]

The trial court accepted the plea agreement and sentenced Roberts to the upper term[7] of five years.  In considering facts in mitigation and aggravation, the court found that: 1) Roberts' prior

---

[1]  Clerk's Transcript on Appeal, pp. 3-5.

[2]  Clerk's Transcript on Appeal, p. 18.

[3]  Court Reporter's Transcript on Appeal, p. 9.

[4]  *People v. Harvey*, 602 P.2d 396 (Cal. 1979).

[5]  Clerk's Transcript on Appeal, p. 18.

[6]  Clerk's Transcript on Appeal, p. 18.

[7]  The sentence for second degree robbery under Cal. Penal Code Sec. 211 is incarceration in the state prison for two, three, or five years.  The term prescribed depends on the existence of aggravating and mitigating factors.

convictions as an adult were of increasing seriousness; 2) Roberts served a prior prison term; 3) Roberts was on parole when the offense was committed; 4) Roberts' prior performance on grants of probation and parole were unsatisfactory.[8] In light of these findings, the court held that the appropriate disposition was the upper term of five years.[9] Pursuant to Roberts' "*Harvey* Waiver," the court considered Roberts' gang involvement and ordered him to register as a gang member (Cal. Penal Code Sec. 186.30) when he was released from prison.[10]

Roberts appealed his conviction to the California Court of Appeals, Third District, which affirmed the judgment.[11] Roberts then filed a Petition for Review in the California Supreme Court. The sole issue raised in Roberts' petition was whether the imposition of an upper term sentence violated Roberts' Sixth Amendment Right to a Jury Trial and his Fourteenth Amendment right of Due Process.[12] The California Supreme Court denied review.[13] Roberts has not sought post-conviction relief through the state courts.

Roberts filed this timely petition for habeas corpus under 28 U.S.C. § 2254. In his petition, Roberts raises two grounds upon which he claims relief: 1) The trial court erred in imposing a gang registration requirement under Cal. Penal Code Section 186.30 because there was insufficient evidence to support it; 2) The trial court violated Roberts' Sixth Amendment right to a fair and

---

[8] Court Reporter's Transcript on Appeal, p. 18.

[9] Court Reporter's Transcript on Appeal, p. 18.

[10] Clerk's Transcript on Appeal, p. 21.

[11] *People v. Roberts*, 2006 W.L. 3240106.

[12] *See* Petition for Review, Cal. Supreme Court, December 12, 2006.

[13] *See* Order Denying Petition for Review, Cal. Supreme Court, January 17, 2007.

impartial jury by sentencing him to the upper term based on facts that were neither admitted by Roberts nor determined to be true beyond a reasonable doubt by a jury.[14] Respondent has not raised any affirmative defenses.

## II. STANDARD OF REVIEW

Because Roberts filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[15] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[16] The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[17] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that

---

[14] *See* Petition For Writ of Habeas Corpus By Person in State Custody.

[15] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[16] *Williams*, 529 U.S. at 412.

[17] *Early v. Packer*, 537 U.S. 3, 10 (2002).

4

the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[18]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[19]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[20]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[21]

In applying this standard, this Court reviews the last reasoned decision by the state court,[22] which in this case was that of the California Court of Appeal.[23]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[24]

---

[18] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Moses v. Payne*, 555 F.3d 742, 753–54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[19] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[20] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[21] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[22] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[23] *Roberts*, 2006 W.L. 3240106.

[24] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

5

When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[25] The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams* . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[26]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[27]

To the extent that Petitioner raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[28] A fundamental principle of our federal system is "that a state court's interpretation of state law,

---

[25] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[26] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[27] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[28] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982) (federal court must accept that state courts correctly applied state laws); *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

6

including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[29] This principle applied to federal habeas review of state convictions long before AEDPA.[30] A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court's interpretation of the law.[31] It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous.[32]

A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.[33] This is especially true where the highest court in the state has denied review of the lower court's decision.[34]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of Due Process.[35] Nor may a federal court issue a habeas writ based upon a perceived

---

[29] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see also West v. AT & T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[30] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law").

[31] *See Bradshaw*, 546 U.S. at 76–78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[32] *Id.* at 76.

[33] *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[34] *Id.*; *see also West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 419 F.3d 1083, 1087 (9th Cir. 2005).

[35] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

7

error of state law, unless the error is sufficiently egregious to amount to a denial of Due Process under the Fourteenth Amendment.[36]

### III.  DISCUSSION

### GROUND I

Roberts claims the trial court erred in imposing a gang registration requirement because there was insufficient evidence to support it.[37]  Roberts acknowledges that, as part of the factual stipulation in support of his plea, he admitted: "while [he] engaged in [the criminal] conduct, he was a member of a street gang and [committed the crime] for the benefit of the street gang."[38]  Despite this admission, Roberts claims that there is no evidentiary support that the "street gang" Roberts was a member of was a "criminal street gang" for purposes of requiring gang registration under section 186.22(f).

Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[39]  A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[40]  A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly

---

[36] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[37] *See* Petition For Writ of Habeas Corpus By Person in State Custody.

[38] Petition For Writ of Habeas Corpus By Person in State Custody, p. 7.

[39] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[40] *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999).

present the legal basis of the claim.[41]  In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal Constitution or statutes, or citing to federal case law.[42]  Because Roberts did not raise this ground in his Petition for Review in the California Supreme Court, this claim has not been properly exhausted in the state courts and is not properly before this Court.

Despite Roberts' failure to exhaust this particular ground, this Court may deny a *habeas* claim on the merits, the failure to exhaust notwithstanding, when it is clear that the petition does not raise a colorable federal claim.[43]

As mentioned above, issues regarding the proper application of state law are beyond the purview of this court.  "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[44]  Accordingly, because the California Court of Appeals, Third District, found "the trial court did not err in imposing a gang registration requirement,"[45] this Court is estopped from hearing this claim. Roberts is not entitled to relief on his first ground.

---

[41] *Duncan,* 513 U.S. at 365-66.

[42] *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000), *amended by Lyons v. Crawford*, 247 F.3d 904 (9th Cir. 2001).

[43] *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir. 2005).

[44] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see West v. AT & T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[45] *People v. Roberts*, 2006 W.L. 3240106.

GROUND II

Roberts asserts that the trial court violated his Sixth Amendment right to a fair and impartial jury by sentencing him to the upper term based on facts that were neither admitted to by appellant nor determined to be true by a jury beyond a reasonable doubt.

Under the line of United States Supreme Court decisions beginning with *Apprendi v. New Jersey*[46] and culminating in *Cunningham v. California,*[47] the constitutional requirement of a jury trial and proof beyond a reasonable doubt applies only to a fact that is legally essential to the punishment, that is, to any fact that exposes a defendant to a greater potential sentence than is only authorized by the jury's verdict or an admission by the defendant himself or herself.

Under California's Determinate Sentencing Law ("DSL"), "three terms of imprisonment are specified for most offenses."[48] The statute defining the offense generally prescribes an upper term, a middle term and a lower term.[49] At the time of Roberts' offense, California Penal Code Section 1170(b) required a sentencing court to impose the middle term "unless there [were] circumstances in aggravation or mitigation of the crime." In *Cunningham*, the Supreme Court held that the presumptive middle term, not the upper term, was the "relevant statutory maximum" that could be imposed, absent additional findings of fact by the jury.[50] Therefore, after *Cunningham*, a California judge could only impose an upper term sentence based on aggravating facts found by the jury or

---

[46] 530 U.S. 466 (2000).

[47] 549 U.S. 270 (2007).

[48] *People v. Black*, 113 P.3d 534, 538 (Cal. 2005), *vacated on other grounds*, 549 U.S. 1190 (2007).

[49] *Cunningham*, 549 U.S. at 277.

[50] *Id.* at 288.

10

admitted by the defendant.[51]  Applying this logic, Roberts argues his upper term sentence was not appropriate because he did not admit to his previous conviction nor did a jury make a factual finding on the matter.  Roberts' argument is without merit.

The law is clear that the imposition of an upper term sentence based upon a prior conviction is a well established exception to *Apprendi* and its progeny.[52]  Specifically, a defendant's criminal history need not be admitted to by the defendant or proved to a jury beyond a reasonable doubt.[53]  Furthermore, under California law the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term.[54]  While the court may make factual findings with respect to additional aggravating circumstances, these findings, themselves, do not further raise the authorized sentence beyond the upper term.[55]  Accordingly, judicial fact finding on those additional aggravating circumstances is not unconstitutional.[56]

When it imposed the upper term, the trial court found, among other things, that, "[Roberts'] prior convictions as an adult were of increasing seriousness."[57]  The trial court never expressly found that Roberts "had prior convictions."  Nevertheless, the court's reference to "prior

---

[51] *Id*. at 293.

[52] *Boulware v. Marshall*,  621 F.Supp.2d 882, 892 (C.D.Cal. 2008).

[53] *U.S. v. Martin*, 278 F.3d 988, 1005-06 (9th Cir. 2002) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 249 (1998); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000).

[54] *Boulware*, at 893 (citations omitted).

[55] *People v. Black*, 161 P.3d 1130, 1140 (Cal. 2007) (citations omitted).

[56] *Id*.

[57] Court Reporter's Transcript on Appeal, p. 18.

convictions of increasing seriousness" effectively contains a finding that Roberts, indeed, had prior convictions.  On direct appeal, the California Court of Appeals held the trial court's reference to prior convictions was sufficient to sustain Roberts' upper term sentence based on the "prior conviction" exception to *Apprendi*.  It stated, "[t]he rule of *Blakely* does not apply to the use of prior convictions to increase the penalty for a crime.  Since one valid factor in aggravation is sufficient to expose defendant to the upper term, the trial court's consideration of other factors, in addition to defendant's prior convictions, to impose the upper term did not violate the rule of *Blakely*."[58]  Roberts has not submitted any evidence demonstrating that this finding of fact by the appellate court is incorrect.[59]  Accordingly, this Court must give deference to the state court finding that the trial court's reference to "prior convictions" included a factual finding that Roberts had been previously convicted.

Roberts' argument is also meritless under *Kessee v. Mendoza-Powers*.[60]  While the trial court may not have expressly found that Roberts had prior convictions, it did expressly find that Roberts was on parole when he committed the crime.[61]  The Ninth Circuit is clear that this finding of fact does not fall within the *Apprendi* "prior conviction" exception.[62]  Under Ninth Circuit law,

---

[58] *People v. Roberts*, 2006 W.L. 3240106.

[59] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[60] 574 F.3d 675 (9th Cir. 2009).

[61] Court Reporter's Transcript on Appeal, p. 18.

[62] *Kessee v. Mendoza-Powers*, 574 F.3d at 678 ("For the reasons that follow, we hold . . . that the fact of being on probation at the time of a crime does not come within the 'prior conviction' exception.") (internal quotations omitted); *Butler v. Curry*, 528 F.3d 624, 647 (9th Cir. 2008) ("We are therefore convinced that the fact of being on probation at the time of a crime does not come within the "prior conviction" exception . . . .").

this fact would need to be found by a jury.[63]  However, there is no Supreme Court case that squarely addresses the question whether certain facts fall within a "prior conviction" exception to *Apprendi*. As a result, other sister Circuits have chosen to expand the "prior conviction" exception to encompass a finding that a defendant was under court supervision when he or she committed a subsequent crime.[64]  *Kessee* noted that as long as a state court applied an interpretation that was consistent with another Circuit's interpretation of *Apprendi*, it could not be said "that the state court's interpretation was contrary to, or involved an unreasonable application of, Supreme Court precedent."[65]  In the present case, the trial court found that the defendant was under court supervision when he committed the crime.[66]  According to Tenth Circuit jurisprudence, this fact falls under the "prior conviction" exception, as a subsidiary finding.  As noted above, the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term.[67]  Thus, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law'" by basing its decision to sentence Roberts to an upper term on a finding that he was on parole at the time he committed the robbery. [68]

---

[63] *Butler*, 528 F.3d at 647 ("the fact of being on probation at the time of a crime does not come within the "prior conviction" exception and must be pleaded in an indictment and proved to a jury beyond a reasonable doubt.");

[64] *See United States v. Corchado* , 427 F.3d 815, 820 (10th Cir. 2005) ("the "prior conviction" exception extends to "subsidiary findings" such as whether a defendant was under court supervision when he or she committed a subsequent crime.")

[65] *Kessee*, 574 F.3d at 679.

[66] Court Reporter's Transcript on Appeal, p. 18.

[67] *Boulware*, at 893 (citations omitted).

[68] *Musladin*, 549 U.S. at 77 (alterations by the Court); *see Wright*, 552 U.S. at 127; *Moses,* 555 F.3d at 753–54 (explaining the difference between principles enunciated by the Supreme Court

13

Finally, this Court concludes that any error that could have occurred during sentencing is harmless. According to *Washington v. Recuenco*,[69] failure to submit a sentencing factor to the jury is not a structural error, and is subject to harmless error review.[70] "[T]he standard for determining whether habeas relief must be granted is whether the . . . error had substantial and injurious effect or influence in determining the jury's verdict."[71] Certainly any failure to explicitly find that Roberts had multiple prior convictions did not affect the jury finding, as both of Roberts' grounds deal with post-conviction proceedings. Additionally, the trial judge's finding that Roberts' convictions as an adult were of increasing seriousness,[72] necessarily included a finding that Roberts had indeed been convicted as an adult. Finally, after reviewing Roberts' file, it is clear to this Court that the trial judge would find "prior convictions" were the case to be remanded. Accordingly, any error that could have been committed by the trial court during the sentencing proceeding would have been harmless. Roberts is not entitled to relief on his second ground.

---

that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[69] 548 U.S. 212 (2006).

[70] *See id* at 221-22.

[71] *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotations omitted).

[72] Court Reporter's Transcript on Appeal, p. 18.

14

IV. CONCLUSION and ORDER

Roberts is not entitled to relief under any ground raised in the petition. Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** this Court declines to issue a Certificate of Appealability.[73] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[74]

The Clerk of the Court to enter judgment accordingly.

Dated: December 15, 2009.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[73] 28 U.S.C. 2253(c); *Slack v. Daniel*, 529 U.S. 473 484 (2000).

[74] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.